El Pueblo de Puerto Rico, demandante y apelado, *v.*
Víctor Cruz Natal, acusado y apelante.

Núm. 10278.—*Sometido:* Diciembre 13, 1943. *Resuelto:* Enero 18, 1944.

*A. Reyes Delgado,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

832

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El apelante, Víctor Cruz Natal, fué convicto por un jurado de un delito de robo y sentenciado por la Corte de Distrito de Arecibo a cumplir tres años de presidio. En este recurso alega que dicha corte erró 1, al privarle de su derecho a contrainterrogar a tres testigos de El Pueblo; 2, al permitir que el fiscal leyera al jurado la declaración prestada ante él por el testigo de El Pueblo, Domingo Gómez, y admitiera la declaración del propio fiscal, con el fin de impugnar su veracidad ; y 3, al actuar con pasión, prejuicio y parcialidad en el curso del juicio induciendo al jurado a traer un veredicto de culpabilidad sin prueba para sostenerlo.

La acusación en este caso se formuló contra tres acusados: Víctor Cruz, el aquí apelante, Aníbal Romero Vélez e Ismael Pineda Carrión, alegándose que por medio de violencia e intimidación se apoderaron de un billete de diez dólares y una caja de inyecciones sustrayéndolos de la persona de Perfecto Colón. El apelante había solicitado juicio por separado y se le concedió. Pasamos a considerar los tres errores señalados.

Trataremos el primer y tercer señalamientos conjuntamente. Hemos leído detenidamente la prueba de cargo —la única presentada en el caso—y aunque creemos que el juez intervino innecesariamente a veces en el interrogatorio de los testigos no puede inferirse que actuara movido por pasión, prejuicio o parcialidad. Es cierto que limitó el contrainterrogatorio de los tres primeros testigos Eduardo Castro, Antonio Barreto y José Sánchez, pero esto se debió al hecho de que estos tres testigos declararon que nada sabían en cuanto a la intervención del acusado pues no lo vieron la noche en que ocurrieron los hechos. La frase usada por la corte: "no puedo perder tiempo" de que se queja el apelante no debe considerarse aisladamente. Las palabras completas del juez fueron las siguientes: "La Corte ha resuelto

el asunto. No puedo perder tiempo. Contra este hombre no hay nada hasta la fecha. Hay que absolverlo si no hay nada contra él.'' Fué, por tanto, más bien una advertencia al fiscal de que debía presentar prueba, si la tenía, contra el acusado, pues los tres primeros testigos nada habían declarado que tendiera a conectarlo con el delito imputado y hasta afirmó que había que absolverlo si no había prueba en su contra.

■■ El segundo señalamiento tiene dos aspectos.

1. El testigo Domingo Gómez declaró que sólo había visto a dos personas atacar abajo en la calle al perjudicado y que al acusado lo vió arriba en la Plaza del Mercado. El fiscal le preguntó si había declarado ante él en la investigación preliminar y el testigo contestó en la afirmativa. Sentadas las bases para contradecir su testimonio, el fiscal, después de haberle mostrado la declaración anterior al abogado defensor, se la dió a leer al propio testigo. Entonces ocurrió lo siguiente:

"P. ¿No leyó esta declaración? —Sí, señor.

"P. ¿Cuántos menciona en esta declaración?

"Abogado Sr. Santos Borges: No es lo que mencione la declaración, es lo que vió.

"Hon. Juez: Puede preguntarle por qué declaró ahí eso.

"Hon. Fiscal: Yo quiero llevar al testigo para cooperar con él. Realmente puede que sea desmemoriado. Quiero ayudarlo.

"P. ¿Usted no declaró ante el fiscal? —Declaré ante el fiscal, pero declaré que eran dos individuos los que estaban abajo en el asunto ése y uno arriba, que me dió el golpe.

"P. ¿Cuántos eran? —Tres, con el que me dió el golpe.''

Entonces el fiscal, sin oposición del abogado defensor, leyó al jurado la declaración anterior del testigo. Tampoco se anotó excepción. Luego le preguntó el juez por qué había declarado antes que eran tres los que habían agarrado al perjudicado y el testigo contestó "no me explico cómo pude haber dicho que eran tres.''

2. En su interrogatorio, el fiscal le preguntó al testigo si el mismo día del juicio no le había manifestado que había visto al acusado en compañía de los otros dos acusados que intervinieron en el atraco al perjudicado y al contestar en la negativa el fiscal más tarde prestó declaración al efecto, siendo corroborado por el testimonio del policía José Galarza que presenció el incidente en la oficina del fiscal.

Habiéndose sentado las bases que requieren los artículos 243 y 245 del Código de Enjuiciamiento Criminal somos de opinión que la prueba era admisible, especialmente en cuanto al primer aspecto discutido que no fué objetado ni excepcionado por el acusado. *Pueblo* v. *Méndez,* 39 D.P.R. 654.

Los hechos y circunstancias concurrentes en el caso de *El Pueblo* v. *Lafontaine,* 43 D.P.R. 23 y otros citados por el apelante fueron distintos a los del caso de autos. En el de *Lafontaine* se objetó y excepcionó la prueba y luego se solicitó su eliminación y una instrucción especial al jurado, y se resolvió:

"Si, como ha sucedido en otros casos, no hubiera existido la oposición de la parte contraria, la cuestión no hubiera podido levantarse en apelación, pero aquí la parte contraria pidió repetidamente a la corte que le reconociera el derecho a leer por sí misma el escrito y la corte le negó ese derecho. El escrito pudo contener otras manifestaciones favorables a la actual declaración del testigo.

"Además, la defensa pidió finalmente a la corte la eliminación de la declaración que leyó el fiscal, instruyéndose al jurado que en ningún momento la tuviera en mente, porque lo que se pretendía por el ministerio público era presentar una declaración que no podía de otro modo, y la corte se limitó a decir: 'Sin lugar la objeción.'"

En el caso de autos al testigo se le dió a leer su declaración anterior y la oportunidad de explicar la contradicción y se limitó a decir que "no me explico cómo pude decir que eran tres." No se demostró que el testigo fuera coaccionado en alguna forma al prestar la declaración anterior escrita y menos aun se negó o explicó satisfactoriamente las manifestaciones que el mismo día del juicio había hecho al fiscal.

No tenemos duda de que el testigo fué hostil y sorprendió al fiscal con su declaración en el juicio y que la prueba era admisible para contradecirlo y para que el jurado determinara la credibilidad que debía merecerle.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.