EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL A. LÓPEZ REYES, acusado y apelante.

*Número:* CR-78-57    *Resuelto:* 19 de febrero de 1980

*Luis Roberto Santos*, abogado del apelante; *Héctor A. Colón Cruz, Procurador General*, y *Justo Gorbea Varona, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El apelante fue convicto de tentativa de escalamiento tras un juicio por jurado. La prueba de cargo estableció que el apelante, junto con otra persona, fue sorprendido por la policía martillando una de las puertas de un almacén. Se estableció que dicha puerta tenía marcas de golpes de herramientas y que el candado había sido violentado, quedando inservible. En el lugar de los hechos la policía ocupó una llave de cruz, un martillo y un destornillador. La única prueba de defensa—el testimonio del acusado—fue una coartada.

En su recurso el acusado sostiene que erró el tribunal (1) al negarse a ofrecer al jurado instrucciones sobre el delito de daños; (2) al intervenir el juez en los procedimientos en forma hostil y repetida, lesionando la imagen del acusado frente al jurado; (3) al imponer al acusado una sentencia de 5 a 8 años de presidio; (4) al permitir al fiscal la impugnación de un testigo de cargo, permitiendo que se leyera ante el jurado su

declaración prestada en fiscalía y (5) en la apreciación que de la prueba hiciera el jurado.

■ El primero de los errores apuntados no fue cometido. Independientemente de si en circunstancias específicas el delito de daños ([1]) pueda o no estar incluido en alguna modalidad de escalamiento o su tentativa, la prueba de defensa se limitó a negar los hechos imputados, tratando de establecer que el acusado no estaba en la escena de los hechos. No habiendo el apelante ofrecido prueba alguna en apoyo de que el delito cometido había sido el de daños, no procedía impartir al jurado instrucciones sobre ese delito. Si el apelante hubiese tratado de establecer que de haberse cometido algún delito había sido meramente el de daños—a base de que la única intención fue la de causar daño a la propiedad del perjudicado y no la de cometer el delito de apropiación ilegal o algún delito grave—podría entonces sostenerse que erró el tribunal al no instruir al jurado sobre el delito de daños. Pero como ya hemos visto esa no es la situación en el caso de autos.

En cuanto al segundo error, el apelante no fundamenta el señalamiento de error ni nos ha puesto en condiciones de evaluar el mismo. De la exposición narrativa de la prueba no surge intervención alguna por parte del juez sentenciador.

■ El tercer señalamiento de error es frívolo. El tribunal sentenciador no abusó de su discreción al imponer la pena. Tampoco el apelante trajo ante la consideración del tribunal sentenciador las circunstancias atenuantes que hubieran justificado una pena más benigna.

Pasamos al cuarto apuntamiento. El fiscal sentó a declarar como testigo de cargo a Héctor Feliciano, coautor, quien ya había hecho alegación de culpabilidad. Feliciano había declarado bajo juramento ante el fiscal Cruz Soto. La declaración jurada exponía:

---

([1]) Establece el Art. 179 del Código Penal, 33 L.P.R.A. sec. 4285:

"Toda persona que destruyere, inutilizare, alterare, hiciere desaparecer o de cualquier modo dañare un bien mueble o inmueble ajeno, será sancionada con pena de reclusión que no excederá de seis meses o multa que no excederá de quinientos dólares, o ambas penas a discreción del Tribunal."

"Que el día 2 de diciembre de 1977 y en la calle Comercio de Mayagüez, yo andaba con Miguel A. López Reyes y nos metimos en el patio del negocio conocido por Mayagüez Corona Liquor Store, de Mayagüez. Que allí nos metimos para ver qué podíamos llevarnos de ese negocio pero fuimos sorprendidos por la policía y yo fui arrestado en ese momento pero Miguel pudo huir pero fue arrestado dos días después. Que no pudimos llevarnos nada de ese sitio."

Feliciano, en el juicio, declaró que no recordaba dónde estaba ni qué hacía el día 2 de diciembre de 1977 y que no se encontraba en condiciones de declarar. En ausencia del jurado, el juez que presidía el juicio apercibió al testigo de su obligación de declarar y de que podía ser hallado incurso en desacato por su negativa, aludiendo, además, a su declaración jurada prestada ante el Fiscal Cruz Soto. El juez permitió al fiscal impugnarlo. El Fiscal Cruz Soto declaró sobre la autenticidad de la declaración jurada de Feliciano. El tribunal, al único fin de impugnar la declaración de Feliciano de que no recordaba, permitió que la declaración jurada fuera leída ante el jurado; éste fue advertido por el juez en cuanto al propósito de la lectura de la declaración, esto es, limitando su alcance a los fines de impugnación. (²) Así, pues, la declaración jurada no fue entregada al jurado sino que fue leída a éste a los fines de impugnar lo que Feliciano había declarado en el juicio: que no recordaba nada en torno a dónde estaba ni qué hacía al momento de los hechos.

■ Es sabido que la parte que presenta un testigo puede impugnar a éste a base de declaraciones anteriores incompatibles con su testimonio en corte, 32 L.P.R.A. sec. 2148. *Pueblo v. Cruz*, 62 D.P.R. 831 (1944).

■ En *Pueblo v. Hernández Santiago*, 97 D.P.R. 522, 530 (1969), nos enfrentamos a una situación similar a la que presenta este caso y al resolverla expresamos:

---

(²) No es necesario considerar la aplicabilidad de la Regla 63 de las Reglas de Evidencia de 1979, pues aparte de que la declaración jurada no se presentó como prueba sustantiva, a la fecha del juicio no habían entrado en vigor las referidas Reglas.

"Luego de testificar Morales Quirós que no recordaba tales hechos, fue confrontado con la relación de los mismos en sus declaraciones juradas y se reafirmó en no recordarlos. El tribunal de instancia admitió las declaraciones al único fin de impugnar la credibilidad del testigo y a esos efectos instruyó al jurado advirtiéndole que no debían considerar como prueba el contenido de las mismas. Tal actuación no fue errónea. *Pueblo* v. *Verdejo Meléndez*, 88 D.P.R. 207, 217, 218 (1963); *Pueblo* v. *Zayas*, 72 D.P.R. 18, 21, 22 (1951)."

Igual criterio impera en algunas jurisdicciones del continente. En *United States* v. *Insana*, 423 F.2d 1165, 1169 (2d Cir. 1970) se expresó:

"La conclusión de que una manifestación anterior inconsistente con una actual falta de memoria pueda ser admisible como una contradicción no es una conclusión novedosa. Wigmore ha sugerido que, en ciertos casos, donde un demandado alega una inhabilidad para recordar un incidente, una manifestación anterior sobre él mismo, debería admitirse como una contradicción. III Wigmore, *Evidence*, sec. 1043 (3a. ed. 1940). La razón que Wigmore da en apoyo de este principio es que un testigo que no desea declarar, a menudo se refugia en la inhabilidad para recordar y el mentiroso astuto es a veces inimpugnable a menos que pueda ser expuesto a una contracción de esta índole."

*McCormick*, Sec. 251, texto del suplemento de 1978, pág. 74, establece:

"... ¿Qué, por ejemplo, cumple el requisito de que la declaración sea 'inconsistente' con el testimonio dado durante el juicio? Más comúnmente la pregunta surge cuando el testigo, quien anteriormente prestó una declaración completa y detallada, alega durante el juicio que él no recuerda. La solución sensata es que el juez de instancia pueda determinar que la alegada pérdida de memoria es de hecho una repudiación de la declaración anterior y por tanto que existe una inconsistencia."

■ No puede afirmarse que, en todo caso, el testimonio de un testigo en términos de que "no recuerda" es inconsistente con una declaración suya anterior en la que detalladamente expone los hechos. *People* v. *Green*, 479 P.2d 998 (Calif. 1971). Pero, las circunstancias pueden ser tales que el juez concluya

que la aseveración de no recordar es falsa, lo que constituiría un repudio a la declaración anterior. *State* v. *Lenarchick*, 247 N.W.2d 80, 86 (1976). En tal caso ésta es admisible a los fines de impugnar al testigo. A ese efecto se expresó en *United States* v. *Rogers*, 549 F.2d 490, 496 (8th Cir. 1976) *cert.* den. 431 U.S. 918 (1977): "Una alegada inhabilidad para recordar, no creída por el juez de instancia, puede ser considerada como inconsistente con declaraciones anteriores cuando el testigo no niega que las declaraciones anteriores como cuestión de hecho se hicieran." Así, cuando el juez que preside un juicio considera que la aseveración del testigo a los efectos de que no recuerda no es hecha de buena fe sino que es un subterfugio para no declarar, es admisible, a fines de impugnación, la declaración anterior del testigo. Así lo entendió el juez en el presente caso. Véase *United States* v. *Insana,* supra, pág. 1170. Ver además: *People* v. *Payne*, 492 F.2d 449 (4th Cir. 1974); *United States* v. *Shoupe*, 548 F.2d 636 (8th Cir. 1977); *People* v. *Green*, 479 P.2d 998 (Calif. 1971); 3 Weinstein & Berger, *Evidence*, 607 [06] a la pág 607-66 (1978). Graham, *The Confrontation Clause, the Hearsay Rule, and the Forgetful Witness*, 56 Texas L. Rev. 151-2-3 (1978).

Bajo los hechos de este caso y teniendo en consideración la totalidad de la prueba presentada, concluimos que no incidió el juez de instancia al admitir, para propósito de impugnación, la previa declaración del testigo Feliciano prestada ante el fiscal. Aparte de ese testigo, hubo prueba directa de la participación del apelante en el intento de escalamiento. Un policía declaró que le conocía y que pudo identificarlo al sorprenderle junto a Feliciano tratando de forzar la puerta del almacén. La circunstancia de que el vehículo del apelante apareciera a corta distancia del lugar de los hechos reforzó dicho testimonio. Esa prueba, creída por el jurado, es suficiente para sostener su veredicto. La oportuna instrucción dada por el juez al jurado limitando la admisibilidad de la previa declaración de Feliciano al único propósito de impugnarle, debió impedir que se le diera peso alguno al determinar

sobre la culpabilidad o inocencia del apelante. Tenemos que presumir que el jurado actuó conforme a esta instrucción.

Independientemente de las precedentes consideraciones procede que examinemos algunos detalles particulares de este caso y el alcance que en cada circunstancia puede tener la falta de memoria reclamada por un testigo. En los casos de *Insana, Rogers* y *Green,* que hemos citado, el testigo no reclamó ausencia total de memoria sobre lo expresado en su declaración anterior. A diferencia de esos casos, en el de autos el testigo Feliciano expresó no recordar nada sobre el incidente delictivo. Más aún, expresó no recordar haber prestado declaración sobre esos hechos.

■ Es frecuente que durante el examen de un testigo éste exprese no recordar algunos detalles. Es infrecuente, por otra parte, que un testigo no recuerde extremos importantes sobre los hechos que normalmente sería de esperarse que recuerde. En el primer caso el uso de previas declaraciones del testigo, bien para refrescarle la memoria o para impugnarle, no ha presentado mayores dificultades. En el caso del testigo que dice no recordar una parte substancial o la totalidad de lo declarado, puede ser fingido pero también puede estar diciendo la verdad. Corresponde al juez que preside la vista hacer la determinación sobre este particular, y para ese fin, la previa declaración del testigo y cualquier otra prueba pertinente debe ser admisible.

No se infringió derecho alguno del apelante cuando el fiscal hizo uso de la declaración jurada prestada por el testigo durante la investigación de los hechos para impugnarlo.

El último de los errores apuntados tampoco tiene mérito. La prueba, creída por el jurado, justificaba el veredicto rendido. La prueba de cargo es suficiente para establecer más allá de duda razonable que el acusado cometió el delito de tentativa de escalamiento.

*No habiéndose cometido ninguno de los errores señalados por el apelante, debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Díaz Cruz emitió voto disidente en

parte y concurrente en el resultado al cual se une el Juez Asociado Señor Rigau.

—O—

Opinión concurrente del Juez Asociado Señor Díaz Cruz, a la que se une el Juez Asociado Señor Rigau.

San Juan, Puerto Rico, a 19 de febrero de 1980

La ponencia circulada aborda, aunque sin identificarlo, el problema común en las salas de justicia de la retractación del testigo de cargo y su resistencia a repetir en el juicio la declaración prestada en el curso de la investigación y aun en la vista preliminar, situación que hunde a la justicia en la derrota y el escarnio, y a la que llega el testigo renegado unas veces por connivencia y soborno, y otras bajo el temor de grave amenaza. Para no dejar la justicia a merced de tanta ruindad, la Regla 63 de Evidencia (1979) ordena:

"Es admisible como excepción a la regla de prueba de referencia una declaración anterior de un testigo que está presente en el juicio o vista y sujeto a ser contrainterrogado en cuanto a la declaración anterior, siempre que dicha declaración fuere admisible de ser hecha por el declarante declarando como testigo."

La opinión, en abierta contravención de la Regla y en merma de su propósito, limita la admisión de la declaración anterior del testigo a fines de impugnación y credibilidad pero le niega valor de prueba y hasta demanda una instrucción especial al jurado para que no tome el contenido de la citada declaración como evidencia en la causa seguida al acusado. Aparte de socavar la Regla 63, la opinión conduce a una ingenuidad que no tiene lugar en el juicio criminal, pues ¿qué jurado de normal discernimiento que ha oído leer la declaración incriminante del testigo renuente, va a excluirla de la masa total de prueba y apartarla de su deliberación, no importa lo que instruya el juez, conociendo la circunstancia actual de violencia en que las propias víctimas optan por

sufrir calladas los desmanes y fechorías ante la amenaza de muerte?

Es ésta la primera oportunidad en que el Tribunal resuelve un caso bajo la Regla 63 y no debe negarle la plenitud de vigor y alcance que la seguridad de esta sociedad demanda y que nosotros propusimos a la Asamblea Legislativa. No hay problema de retroactividad porque dicha Regla, como su concordante, la 801(d)(1) federal (1975), era norma de jurisprudencia antes de adquirir carácter estatutario, desarrollo que como es generalmente conocido han tenido otras reglas de evidencia y de procedimiento, tanto civil como criminal, bajo el poder inherente de los tribunales para hacer sus reglas.

La opinión se despojaría de su básica transitoriedad si en vez de ceñirse a la vieja y desplazada norma de evidencia, desarrollara su razón de decidir sobre el pleno valor y eficacia de la citada Regla 63 de 1979.

Por estas consideraciones me siento obligado a limitar mi aprobación de la opinión al resultado final de confirmación de la sentencia.