**UNITED STATES of America, Appellee,**

v.

**Oscar Lee HAYNES, Appellant.**

**No. 77–1310.**

United States Court of Appeals, Eighth Circuit.

Submitted July 22, 1977.

Decided Aug. 10, 1977.

---

Leander G. Lippert, Minneapolis, Minn., on brief, for appellant.

Thorwald H. Anderson, Jr., U. S. Atty., and Ann D. Montgomery, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Oscar Lee Haynes was found guilty on two counts of unlawfully distributing heroin in violation of 21 U.S.C. § 841(a)(1). On appeal, Haynes contends that a coconspirator's statement was erroneously admitted at trial, that this testimony should have been subject to pretrial discovery procedures and a suppression hearing, and that these errors require reversal of his conviction. We affirm the conviction on both counts.

During July of 1976, Drug Enforcement Administration informant Robert Adams informed Timothy Shanley and James Hessel, the law enforcement officers with whom he was working, that he had made arrangements to purchase heroin from two men known as "Donald Allen" and "Tex." "Tex" was later identified as Haynes.

On July 20, 1976, Allen drove to Adams' apartment in a Lincoln Continental. Agent Shanley and informant Adams were waiting in front of the apartment building when Allen arrived and both could see Allen in the car. Adams entered the vehicle with Allen and drove away. Within the hour, Adams returned in the same car which Haynes was now driving. Shanley approached the car and Adams handed Shanley a tinfoil packet of heroin. Shanley started to count out the purchase money but Haynes ordered him into the car. Once inside the car, Shanley handed Adams $300, Adams passed the money to Haynes and Haynes placed it in the car's ashtray. Shanley handed the remaining money to Adams and he placed it in the same ashtray. Shanley exited the car a few blocks from Adams' apartment and Adams exited the car a few minutes later after Haynes paid

Adams $25.00 for handling the deal. Adams and Shanley returned to the apartment where Adams was strip searched as he had been prior to the transaction. The search revealed no narcotics or large amounts of money.

Adams arranged another sale with Haynes for July 26, 1976. Haynes arrived at Adams' apartment, driving the car used on July 20. Adams and Shanley were waiting outside the apartment and both got into the car. Haynes drove slowly around the neighborhood while Shanley handed $1,200 to Adams. Adams passed the money to Haynes and he put it in his coat pocket. Haynes then removed a tinfoil packet from another coat pocket and handed the packet to Adams. Adams immediately passed the packet to Shanley. Shanley exited the car near Adams' apartment. Adams and Haynes remained in the car and drove from the neighborhood.

In November of 1976, a United States grand jury returned an indictment charging Haynes, in Count I, with the unlawful distribution of heroin on July 20, 1976; and in Count II, with the unlawful distribution of heroin on July 26, 1976. Allen was also indicted under Count I and a motion to sever the trials of Haynes and Allen was granted. The jury found Haynes guilty on both counts. He received sentences of ten years on each count, the sentences to be served concurrently followed by a special parole term of three years.

*Rule 16—Suppression Hearing*

Haynes contends that the government should be required, under Fed.R. Crim.P. 16(a), to disclose before trial any accusatory statements of an unavailable declarant which the government will introduce at trial through the testimony of another. The admission of these statements could then be challenged in a pretrial suppression hearing. This Court declines to adopt the proposed expansion of Fed.R. Crim.P. 16(a). Rule 16(a) requires the government to disclose anything it will introduce at trial which presents a statement made by the defendant. The rule is clear and is not applicable to this situation where the statements complained of are by someone other than the defendant.

*Admissibility of Statements by a Coconspirator*

Haynes contends that certain testimony of Adams concerning conversations he had with Allen were inadmissible both as hearsay and because they deprived Haynes of his rights under the Confrontation Clause of the Sixth Amendment. Allen did not testify and, therefore, was unavailable for cross-examination.

The statements in question were made during conversations between Adams and Allen prior to July 20. Adams testified that Allen stated, "Tex is ready to do this deal * * *." Adams also testified that Allen was present at Haynes' home when all three men discussed the deal, that Allen assured Haynes that Adams' people were safe to deal with, that Allen answered the phone at Haynes' home and that Allen had Haynes return calls to Adams.

Testimony about statements made by an unavailable declarant is admissible if the statements were made by a coconspirator of the defendant during the course of and in furtherance of a conspiracy, and there is independent evidence establishing a conspiracy between the declarant and the defendant. *Glasser v. United States*, 315 U.S. 60, 74, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Richardson*, 477 F.2d 1280, 1282–1283 (8th Cir.), *cert. denied*, 414 U.S. 843, 94 S.Ct. 104, 38 L.Ed.2d 82 (1973); *see* Fed.R.Evid. 801(d)(2)(E). Adams testified that Allen took him to Haynes' home and that Allen was present when Adams and Haynes discussed the deal. Agent Shanley also identified Allen as the driver of the car who picked Adams up on July 20. This testimony does indicate, independent of the complained of testimony, that a conspiracy existed between Haynes and Allen. Haynes' argument that the statements were improperly admitted into evidence *before* independent evidence of a conspiracy was shown also must fail. The complained of statements "may be con-

ditionally admitted subject to being 'connected up' by subsequent independent proof * * * [cites omitted]." *United States v. Kelley,* 526 F.2d 615, 618 (8th Cir. 1975), *cert. denied,* 424 U.S. 971, 96 S.Ct. 1471, 47 L.Ed.2d 739 (1976). We conclude that the trial court properly admitted the testimony of Adams concerning statements made by Allen.

■ Haynes' contention that the admission of Allen's statements via Adams' testimony violated his constitutional rights to confront witnesses is also without merit. Absent unusual circumstances, which are not present here, "the accused's right of confrontation is not violated by the admission of hearsay statements as * * * a declaration by a co-conspirator in furtherance of the conspiracy. * * *" *United States v. Carlson,* 547 F.2d 1346, 1356 (8th Cir. 1976) (footnote omitted). *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *United States v. Kelley, supra* at 620–621. Under the circumstances presented here, the unavailability of the declarant, Allen, for cross-examination did not deprive the jury of a satisfactory basis for evaluating the truth of the admitted statements. *Dutton v. Evans, supra,* 400 U.S. at 89, 91 S.Ct. 210; *United States v. Kelley, supra* at 620.

■ The evidence of Haynes' guilt was overwhelming. Even if the complained of testimony had been excluded, Agent Shanley and Adams testified to their personal observations of the heroin sale on July 20 and July 26. We find that the admission of the coconspirator's statements was not error; but even if the admission was error, it was harmless beyond a doubt.

The conviction is affirmed.