**UNITED STATES of America, Appellee,**

v.

**Alfred Jerome SMITH, Jr., Appellant.**

**No. 78–1847.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1979.

Decided April 9, 1979.

---

**320**

C. Clifford Schwartz, of Shaw, Howlett & Schwartz, Clayton, Mo., argued, for appellant; James J. Knappenberger, Clayton, Mo., on brief.

Michael W. Reap, Asst. U. S. Atty. (argued), and Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and BOGUE, District Judge.[*]

PER CURIAM.

Alfred Jerome Smith, Jr., appeals from his conviction following a jury trial for distributing heroin on two occasions, April 5, 1978 (count I), and April 19, 1978 (count II), in violation of 21 U.S.C. § 841(a)(1) (1976).[1]

On appeal, Smith contends that the trial court committed reversible error in (1) denying his motion for acquittal on count I due to insufficient evidence, (2) admitting into evidence certain statements of an alleged coconspirator, (3) admitting into evidence certain testimony about the heroin

---

[*] ANDREW W. BOGUE, United States District Judge, District of South Dakota, sitting by designation.

[1.] The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sentenced Smith to four years' imprisonment to be followed by three-year special parole terms on each count, the sentences to run concurrently.

market in general, and (4) giving an "accomplice instruction" to the jury. We reject each assignment of error and affirm the conviction.

## I. Factual Background.

The Government's evidence showed that, on April 4, 1978, Smith agreed to sell a small quantity of heroin to Salvatore Randazzo, an informant for the Drug Enforcement Administration (DEA). The following night, April 5, 1978, Randazzo and Dennis Becker, a St. Louis police detective assigned to the DEA Task Force, received the heroin from Smith in return for $150.

In a telephone conversation on April 19, 1978, detective Becker ordered a certain quantity of heroin from Smith. Later that day, Becker encountered Edrick Thimes, Smith's partner, at the exchange point designated in the phone conversation with Smith.[2] Thimes attempted to deliver seven gelatin capsules of heroin to Becker, but Becker insisted that Smith had promised a larger quantity and refused to accept the capsules.

Thimes told Becker that Smith would return in thirty minutes to clear up the matter. When Smith returned, he explained that, due to a mistake, he did not have on hand the amount of heroin requested by Becker. After further negotiations to obtain the larger amount proved fruitless, Becker agreed to purchase the seven capsules he had been shown earlier. Thereafter, according to Becker's testimony, Thimes stated that he and Smith, along with a third man, Thomas Penny, were "all partners in this, and what one did they all did."

## II. Discussion.

### A. Sufficiency of the Evidence.

█ Smith contends that there was insufficient "credible" evidence at trial to sustain his conviction on count I, the charge

of distributing heroin on April 5, 1978.[3] He asserts as a basis for this contention that the eyewitness testimony of Randazzo, a government informer and a drug addict, lacked credibility in the face of Smith's contrary testimony.

We must view the evidence in the light most favorable to the jury's verdict. See *Hamling v. United States*, 418 U.S. 87, 124, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). On this record, we cannot say that the jury could not have credited Randazzo's testimony. The record contains ample evidence to support the verdict on count I.

### B. Coconspirator's Statements.

Smith argues that the district court erred in admitting into evidence testimony concerning any statements made by Thimes.

The court initially admitted evidence of Thimes' statements on condition that the Government eventually establish the existence of a conspiracy between Smith and Thimes. At the conclusion of detective Becker's testimony, the court ruled that the statements by Thimes were admissible because the Government had shown that such a conspiracy existed. This procedure substantially accords with the procedural steps we outlined in *United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir. 1978).

█ Nevertheless, Smith maintains that Thimes' statements should have been excluded because (1) he was not charged with conspiracy, and (2) insufficient independent evidence existed to establish a conspiracy. We cannot agree with either point. It is well-established that a conspiracy need not be charged in the indictment for a coconspirator's statement to be admissible. *United States v. Williams*, 529 F.2d 557, 559 n. 1 (8th Cir.), cert. denied, 426 U.S. 908, 96 S.Ct. 2232, 48 L.Ed.2d 834 (1976); *United States v. Frol*, 518 F.2d 1134, 1136

2. In the indictment charging Smith with two counts of distribution of heroin, Thimes also was charged on count II and on a separate distribution count, count III. Prior to trial, Thimes pled guilty to count III. The trial court suspended imposition of sentence, placed Thimes on probation for five years, and required as one of several special conditions that

he reside at and participate in a community treatment center for up to 120 days.

3. Smith does not contest the sufficiency of the evidence on count II charging him with distributing heroin on April 19, 1978.

(8th Cir. 1975). As for the requirement that the existence of the conspiracy be proven by evidence exclusive of the coconspirator's statements themselves, *United States v. Bell, supra*, 573 F.2d at 1044, the evidence of the conduct of Smith and Thimes established their association for illegal purposes independently of Thimes' statements.

C. *Evidence of the St. Louis Drug Market.*

■ Smith contends that the district court erred in admitting certain testimony by detective Becker, describing the St. Louis area heroin market and his investigative techniques generally, and in failing thereafter to declare a mistrial. Although his counsel neither objected to that testimony nor requested a mistrial, Smith now argues that it was plain error to admit such testimony because its effect was to impugn his character. In light of the other evidence presented in this case, we think it highly unlikely that the testimony in question had any effect on the jury's perception of Smith's character. In any event, even if admission of the testimony were error, we deem it harmless.

D. *The Accomplice Instruction.*

■ Finally, Smith assigns as error the trial court's giving of an "accomplice instruction" to the jury over his counsel's objection.[4] He claims that such instruction prejudiced him because it focused the jury's attention on Thimes' statements linking him to the April 19, 1978, heroin sale.

An accomplice instruction such as the one given here, warning the jury to use "great caution" in considering statements made by an accomplice, is ordinarily thought to be helpful to a defendant's case. In light of the entire record, the giving of such an instruction, even over defense counsel's objection, cannot be deemed prejudicial error.

Accordingly, we affirm the convictions.

---

4. The instruction complained of reads:

An accomplice is one who unites with another person in the commission of a crime, voluntarily and with common intent. Testimony that an accomplice said or did something outside the presence of the defendant

during his participation in the crime charged is admissible in evidence. However, you should always consider such statements made by an accomplice with great caution and care.