**UNITED STATES of America, Appellee,**

v.

**Lafayette FITTS, Appellant.**

**No. 80–1416.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1980.
Decided Nov. 12, 1980.

John E. Bell, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., Pamela H. Bucy, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and HENLEY, Circuit Judge.

ROSS, Circuit Judge.

This is an appeal by Lafayette Fitts of his conviction in the United States District Court for the Eastern District of Missouri for violating 21 U.S.C. § 841(a)(1) through the illegal sale of a controlled substance. Fitts was indicted, along with Tyler Wash, for the sale of approximately seven grams of cocaine. Wash was a fugitive at the time of trial and thus Fitts was tried alone. We affirm the judgment of conviction.

The evidence produced by the government at trial in the testimony of Roy Shurn, a special agent for the Drug Enforcement Administration, showed that Shurn purchased seven grams of cocaine from Lafayette Fitts with the assistance of Tyler Wash on May 30, 1979. The agent's testimony was clear and convincing and although Fitts took the witness stand and denied making the sale, the jury brought in a verdict of guilty.

During Agent Shurn's testimony he related incriminating conversations with Wash on May 30, 1979, immediately before, during and immediately after the actual sale

took place. The trial court admitted the evidence over the objection of the defendant on the basis of Rule 801(d)(2)(E), which declares that "a statement by a coconspirator during the course and in furtherance of the conspiracy" is not inadmissible as hearsay.

On this appeal Fitts raises two related issues concerning this testimony: First, that some of the coconspirator statements were admitted during trial before the government had proved the existence of the conspiracy by independent evidence. Second, that if a conspiracy was shown to exist, the trial court erred in admitting into evidence statements made by Wash either before the conspiracy was shown to have begun or after it had ended.

As to the first issue, this court has held that the existence of the conspiracy need not be proved before any of the statements of the coconspirator are admitted as long as it is shown during the government's case, by a preponderance of independent evidence, that a conspiracy existed, that the declarant was a participant in that conspiracy and that the declaration was made during the course of and in furtherance of the conspiracy. *United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir. 1978). *See also United States v. Nixon*, 418 U.S. 683, 701, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974); *United States v. Macklin*, 573 F.2d 1046, 1048 (8th Cir.), *cert. denied*, 439 U.S. 852, 99 S.Ct. 160, 58 L.Ed.2d 157 (1978).

■ At the conclusion of the evidence it is incumbent upon the trial judge to make an explicit determination for the record regarding the admissibility of the statements. *United States v. Bell, supra*, 573 F.2d at 1044. *United States v. Deggendorf*, 626 F.2d 47 (8th Cir. 1980). In this case the statements were admitted by the trial court subject to the government furnishing independent proof of the conspiracy later in the trial. Specifically, after objection by the defendant, the trial court stated:

> Statements made by a person who is a conspirator even though there is no conspiracy charged may be admitted. There must be evidence, however, independent

evidence of concertive action. I can admit this testimony; however, ultimately you are going to have to show by independent evidence that there was concertive action.

*See United States v. Smith*, 596 F.2d 319, 321 (8th Cir. 1979).

After testimony by Agent Shurn clearly indicated the existence of the conspiracy, the trial court specifically stated: "I have concluded that [evidence of the conspiracy] was properly admitted under Section 801(d)(2)(E)." We find no error in this procedure. *See United States v. Macklin, supra*, 573 F.2d 1046.

■ The second prong of Fitts' hearsay argument is that some of the conversations between Wash and Shurn took place before the conspiracy was shown to have existed and that some took place after the conspiracy ended. These related arguments have no merit under this factual situation. The first conversation to which objection was lodged took place about an hour before the purchase. During this conversation Wash told Shurn he would take him to "his people." Within an hour, Wash and Shurn drove to Fitts' residence where, after a preliminary conversation between Wash and Fitts, Shurn was invited to join them inside the house where the purchase was made. The fact that Wash knew where to go to get the cocaine and correctly advised Shurn that it could be obtained from "his people," followed closely by taking Shurn to "his people" and the purchase itself, is sufficient proof that the conspiracy to sell cocaine between Wash and Fitts existed at the time of the first conversations in question. As we stated in *United States v. Lambros*, 564 F.2d 26, 30 (8th Cir. 1977), *cert. denied*, 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978), "statements of a coconspirator identifying a fellow conspirator as his source of narcotics are statements made in furtherance of a conspiracy." *See also United States v. Carlson*, 547 F.2d 1346, 1362 (8th Cir. 1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977).

By the same token, conversations between Wash and Shurn in the car upon leaving the home of Fitts after the purchase, were also in furtherance of the conspiracy. During the purchase, or shortly thereafter, Fitts told Shurn that if Shurn wanted to make further contacts with him that he should "go through Tyler [Watts] in order to reach him." Watts and Shurn later discussed the possibility of future purchases before Wash exited Shurn's car. These conversations, even though the purchase had been completed, were clearly in furtherance of the conspiracy between Wash and Fitts.

Fitts also contends that the court erred in denying his motion for acquittal made at the conclusion of the government's evidence. He bases this contention on the arguments that the hearsay testimony hereinbefore discussed was not admissible, and that Shurn's testimony concerning his purchase of the cocaine from Fitts was not corroborated and represented "opinion testimony."

We have often held that corroboration is not required in a case such as this and that a conviction may even be sustained on the testimony of only an accomplice. *United States v. Taylor*, 599 F.2d 832, 838 (8th Cir. 1979); *United States v. Abrahamson*, 568 F.2d 604, 607 (8th Cir. 1978). Here, we have direct testimony from the government agent who was involved in the drug purchase. This testimony not only is sufficient to sustain the conviction, but also provides independent evidence of the conspiracy which permits the admission of the hearsay statements of Fitts' coconspirator. *United States v. Haynes*, 560 F.2d 913, 915 (8th Cir.), *cert. denied*, 434 U.S. 974, 98 S.Ct. 531, 54 L.Ed.2d 466 (1977). Finally, considering the rule that we must view the evidence and the inferences to be drawn therefrom in the light most favorable to the government, appellant's contention is legally frivolous. *Burks v. United States*, 437 U.S. 1, 17, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978).

Fitts' final argument that the trial judge's comments during trial unfairly prejudiced his case is, in our opinion, without merit. The comments objected to were clearly not prejudicial and were within permissible limits considering the context in which they were made.

The judgment of conviction is affirmed.