UNITED STATES of America, Appellee,

v.

Leroy WALKER, Appellant.

No. 83–1699.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 2, 1983.

Decided Nov. 8, 1983.

Ray Conrad, Federal Public Defender, W.D. Mo., Kansas City, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., John R. Osgood, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Leroy Walker appeals from a final judgment entered in the district court for the Western District of Missouri[1] following a jury verdict finding him guilty of two counts of distributing heroin and one count of possessing heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). For reversal Walker alleges that the evidence is insufficient to support the verdict. We affirm.

---

**1.** The Honorable Elmo B. Hunter, United States Senior District Judge, Western District of Missouri.

Acting on a tip from an informant, on October 8, 1982 undercover police detective Marcus Harris went to Walker's house to purchase heroin. Harris knocked on Walker's door and after some conversation Walker allowed Harris to enter his apartment. Harris told Walker he was interested in purchasing heroin. Walker sold Harris a capsule containing brown powder in exchange for $20.00. Harris then stated that he was interested in purchasing one-half ounce of heroin. Walker told Harris to come back about a week later. Harris returned on October 12, 1982. Walker informed Harris that because of an .earlier sale of heroin he could only sell Harris eleven grams of heroin. Walker and Harris went into the kitchen. Walker weighed eleven grams of brown powder on a scale, placed the substance in a plastic bag and exchanged the bag for $940.00. On October 18 Harris returned and Walker sold him one-half ounce of brown powder in exchange for $1200.00. On the last two occasions, Harris paid for the powders with marked currency.

After each transaction Harris met Drug Enforcement Administration (DEA) agent Carl Hicks at a parking lot near Walker's house. Harris gave Hicks the powders, which field-tested positive for heroin. On October 15 Hicks applied for a federal search warrant for Walker's apartment. On executing the warrant, Hicks seized some of the marked currency, a triple balance scale and a plastic packet wrapped in masking tape that contained a brown powder, which Hicks believed to be heroin. Hicks found the package under a bed in the master bedroom.

Thomas Janovsky, a DEA chemist, testified that based on his analysis the packet from the October 12 transaction contained 11.07 grams of powder, with 2.6 per cent being heroin; that the packet from the October 18 transaction contained 14.88 grams of powder, with 1.9 per cent being heroin; and that the packet seized pursuant to the warrant contained 37.77 grams of powder, with 11 per cent being heroin. Janovsky further testified that the "sale" packets were of street dosage heroin but that the seized packet was not "usable" for personal consumption because of the high percentage of heroin.

■ On appeal Walker argues that the evidence is insufficient to support his conviction for distributing heroin primarily because his conviction was based on Harris' uncorroborated testimony. This contention has no merit. Testimony of a police officer who was involved in the drug transaction is sufficient to sustain a distribution conviction. *United States v. Fitts,* 635 F.2d 664, 667 (8th Cir.1980); *United States v. Hall,* 588 F.2d 613, 615 (8th Cir.1978). Moreover, the circumstances, including the items seized in the search and the testimony of agent Hicks, provide support for Harris' testimony.

■ Walker also contends that the government failed to prove the quantity of heroin that was charged in the indictment and that the amounts of heroin proved were inconsequential. For example, Walker argues that count III of the indictment charged him with distributing 11.07 grams of heroin but that the DEA chemist testified that out of the 11.07 grams of powder only 2.6 per cent was heroin. This court has previously rejected such an argument. In *United States v. Nelson,* 499 F.2d 965, 966 (8th Cir.1974) (per curiam), we stated that "[u]nder federal law a conviction will be upheld where any measurable amount of a prohibited narcotic drug is found." [2]

■ In addition, Walker argues that the evidence is insufficient to sustain his conviction for possession with intent to distribute heroin. He asserts that the percentage of heroin in the seized packet was too small an amount to support an inference of an intent to distribute. We disagree. The chemist testified that the seized packet contained such a high percentage of heroin

---

**2.** In fact, the district court dismissed the count of the indictment relating to the October 8 transaction because the chemist's testimony was equivocal as to whether a measurable amount of heroin was present.

that it was not usable for personal consumption. *See United States v. Coppage,* 635 F.2d 683, 688 (8th Cir.1980). We also reject Walker's suggestion that there must be direct evidence that he owned or was aware of the packet of heroin found under a bed in the master bedroom in his apartment. Circumstantial evidence is sufficient to support an inference of possession. *See United States v. Beck,* 662 F.2d 527, 531 (8th Cir.1981) (marijuana found in defendant's bedroom).

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the jury verdict, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), we find ample evidence to support the verdict. Accordingly, the judgment of the district court is affirmed.