901 F.2d 1131
 284 U.S.App.D.C. 79
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Everard F. ELLIS, Appellant.
 No. 89-3092.
 United States Court of Appeals, District of Columbia Circuit.
 May 8, 1990.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that appellant's conviction be affirmed for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Everard Ellis appeals from the denial of his motion to suppress physical evidence on which the district court never expressly ruled, but de facto denied, and subsequent judgment of conviction of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a) and 841(b)(1)(A)(iii). On appeal, Ellis argues that the district court erred in denying his motion to suppress physical evidence and committed plain error in allowing a police officer to testify as to whether the amount of drugs in evidence constituted a usable amount. Finding no tenable argument in Ellis' favor, we affirm the district court's judgment.
 
 
 5
 Ellis advances two arguments in support of his claim that the district court erred in denying his motion to suppress evidence: (i) that the police officers' inability to articulate a basis for reasonable suspicion or to justify the stop on Terry* grounds made the initial contact unlawful; and (ii) since Ellis had been "seized" prior to the time he gave the Detective permission to search his bag, Ellis' consent to search was not voluntary. Circuit precedent, however, rules out Ellis' challenge to his apprehension, the search of his bag and the ensuing arrest.
 
 
 6
 Despite appellant's contrary assertions, an individual situated as Ellis was may be approached by a police officer despite the absence of grounds for suspicion. United States v. Winston, 892 F.2d 113, 116-17 (D.C.Cir.1989) (Winston); United States v. Baskin, 886 F.2d 383, 386-87 (D.C.Cir.1989); United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1988) (Lloyd). Nor does a police officer "seize" a person within the meaning of the fourth amendment unless the officer conducts himself in a manner that, " 'in view of all the circumstances surrounding the incident,' " would prompt a reasonable, law-abiding person to believe he was not free to walk away. See Michigan v. Chesternut, 486 U.S. 567, 573 (1988) (quoting U.S. v. Mendenhall, 446 U.S. 544, 554 (1980)).
 
 
 7
 Ellis maintains that in the circumstances presented here, he believed that he was not free to leave. This court, however, has repeatedly rejected similar assertions, each time emphasizing that the reasonable person hypothesized in the governing standard is not one who fears the police will detect contraband, but "one innocent of any crime." United States v. Savage, 889 F.2d 1113, 1116 (D.C.Cir.1989); Winston, 892 F.2d at 117. Considering the entire record, it appears that a reasonable person in Ellis' position would have felt free to leave up until the time the cocaine was discovered.
 
 
 8
 Nor does Ellis' claim that his consent to search his bag was not voluntary withstand scrutiny. Voluntariness of consent is to be determined by considering the totality of the circumstances, Schneckloth v. Bustamonte, 412 U.S. 218 (1973), including such factors as the defendant's age, education, and intelligence, advice concerning constitutional rights, length of detention before consent was given, nature and duration of questioning, and use of physical punishment. See Lloyd, 868 F.2d at 451-52. While Ellis claims the Detective's show of official authority belies consent, the circumstances lead to a contrary conclusion. Ellis responded to Detective Zattau's questions. The encounter itself was short and lacked threats or physical contact. Ellis had not been detained when his consent was given. Under these circumstances, the district court could properly find the consent to be voluntary.
 
 
 9
 Ellis maintains with respect to the trial that the district court erred in allowing Detective Zattau to testify as to whether the amount of cocaine in evidence constituted a usable amount because he was not qualified as an expert witness. Since Ellis neither objected to the question nor moved to strike Detective Zattau's response, he can win reversal on this ground only if he can demonstrate "plain error." Absent a clear showing of a miscarriage of justice, courts are reluctant to find plain error where the error is raised for the first time on appeal. See United States v. Frady, 456 U.S. 152, 163 n. 14 (1982).
 
 
 10
 Ellis has failed to meet the heavy burden of showing that Detective Zattau's comment gave rise to a miscarriage of justice. Under federal narcotics law, the government must prove that the defendant possessed, with intent to distribute, a "measurable" amount, not a "usable" amount of a controlled substance. See United States v. Walker, 720 F.2d 517, 518 (8th Cir.1983); United States v. Woods, 568 F.2d 509, 512 (6th Cir.1978), cert. denied, 435 U.S. 972 (1978). In the instant case the stipulation of Lisa Holman regarding the amount and purity of the drugs seized was ample evidence from which the fact-finder could determine that Ellis possessed a "measurable" amount of drugs. Hence, Ellis' argument that Detective Zattau's comment regarding a "usable amount" requires reversal is not persuasive.
 
 
 
 *
 See Terry v. Ohio, 392 U.S. 1 (1968)