8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James R. WEEKS, Defendant-Appellant.
 No. 92-5377.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 22, 1992.
Decided: October 25, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Joseph J. McCarthy, Dawkins, Delaney, McCarthy & Sengel, Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Danny S. Ashby, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 James R. Weeks appeals his conviction for possession of cocaine in violation of 21 U.S.C.A. § 844 (West Supp. 1992). He asserts that the evidence presented was not sufficient for conviction. Finding that sufficient evidence was presented, we affirm.
 
 
 2
 Weeks was arrested at a park on the George Washington Parkway. The arresting officer observed a parked car. Shining his alley lights on the car, the officer noticed two males, seated in the car, sweating profusely. He approached the car and, using his flashlight, saw a plastic zip-lock bag on the dashboard and a soda can modified for use as a pipe under the driver's seat. Residue in the bag and can tested positive for cocaine. The quantity of residue, however, was insufficient to weigh. A drug influence evaluation, conducted by the arresting officer, showed that Weeks, one of the men in the car, was under the influence of a central nervous system stimulant. A urine analysis revealed cocaine and cannabinoids in his system.
 
 
 3
 The standard of review on a claim of insufficient evidence is whether there is substantial evidence, viewed in a light most favorable to the prosecution, from which a rational jury could find beyond a reasonable doubt that the accused committed the essential elements of the crime. Glasser v. United States, 315 U.S. 60 (1942); United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983), cert. denied, 465 U.S. 1028 (1984). Weeks based his claim of insufficient evidence on the fact that the amount of cocaine found was insufficient to weigh. This claim has no merit.
 
 
 4
 Section 844 contains no quantitative amount; a trace of a controlled substance is sufficient to support a conviction under the statute. United States v. Holland, 884 F.2d 354, 358 (8th Cir. 1989); United States v. Walker, 720 F.2d 517, 518 (8th Cir. 1983); United States v. Jeffers, 524 F.2d 253, 257-58 (7th Cir. 1975); see also United States v. Bernard, 757 F.2d 1439 (4th Cir. 1985) (because quantity of drugs irrelevant for charge of simple possession, evidence of weight of substance is improper). The evidence, including identification of the trace substance as cocaine, the drug paraphernalia, and the results of the drug evaluation and urine tests, was sufficient to convict Weeks.
 
 
 5
 Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED