48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Eugene Alfonso CONNOR, Appellant.
 No. 94-3186.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 7, 1995.
Filed: Mar. 13, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eugene Alfonso Connor was charged with two counts of distributing and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). At the jury trial, a Drug Enforcement Administration (DEA) agent testified that he purchased drugs from Connor on more than one occasion. Connor moved for a judgment of acquittal, contending that he had an alibi and that the agent had mistakenly identified him. On appeal after his conviction, Connor challenges the district court's[1] denial of this motion.
 
 
 2
 Viewing the evidence in the light most favorable to the government, and giving it the benefit of all reasonable inferences drawn therefrom, we believe there was sufficient evidence from which the jury reasonably could have found that Connor was the source of the drugs. See United States v. Henson, 939 F.2d 584, 585 (8th Cir. 1991) (per curiam) (standard of review). During a related drug transaction with another individual, the DEA agent came in contact with Connor and identified him from a photograph; after purchasing drugs on two other occasions in broad daylight, the agent identified Connor as the seller; the vehicles observed during two of these three transactions were linked to Connor; and the sales took place in front of an apartment building where Connor's life-long friend lived. See United States v. Walker, 720 F.2d 517, 518 (8th Cir. 1983) (per curiam) (testimony of single police officer involved in drug transaction sufficient to sustain distribution conviction); United States v. Brewer, 36 F.3d 266, 269 (2d Cir. 1994) (with limited exceptions, identification evidence is for jury to weigh).
 
 
 3
 Furthermore, we do not believe the evidence in support of the verdict was necessarily inconsistent with Connor's alibi evidence, which did not definitely account for Connor's whereabouts on the dates and at the times of the drug sales. Cf. Wilson v. Whitley, 28 F.3d 433, 442 (5th Cir. 1994) (defendant did not present strong case for mistaken identity, as twelve alibi witnesses' testimony was less than definite), cert. denied, 115 S. Ct. 754 (1995). Even if the two were inconsistent, the jury was entitled to credit the agent's testimony and reject the alibi evidence. See Harrington v. Nix, 983 F.2d 872, 874 (8th Cir. 1993) (per curiam); Zammar v. United States, 217 F.2d 223, 225 (8th Cir. 1954).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota