**UNITED STATES of America, Plaintiff,**

v.

**Levi Michael CAROLIN, David Harold Harter, and Robert Joseph Jangula, Defendants.**

**Case No. 1:10–cr–105.**

United States District Court, D. North Dakota, Southwestern Division.

Nov. 7, 2012.

Julie Lawyer, Spec. Asst. U.S. Atty., David D. Hagler, Asst. U.S. Atty., Bismarck, ND, for Plaintiff.

Kent M. Morrow, Severin, Ringsak & Morrow, Bismarck, ND, for Defendants.

## ORDER RE: ADMISSIBILITY OF CO–CONSPIRATOR STATEMENTS

DANIEL L. HOVLAND, District Judge.

 Under Rule 801(d)(2)(E) of the Federal Rules of Evidence, a statement is not hearsay if made by "a coconspirator of a party during the course and in furtherance of the conspiracy." *United States v. Beckman,* 222 F.3d 512, 522 (8th Cir.2000). It is well-established that to admit such a statement, the Government must demonstrate, by a preponderance of the evidence, (1) that a conspiracy existed; (2) that the defendant and the declarants were members of the conspiracy; and (3) that the declaration was made during the course and in furtherance of the conspiracy. *United States v. Bell,* 573 F.2d 1040, 1043 (8th Cir.1978); *United States v. Guerra,* 113 F.3d 809, 813 (8th Cir.1997); *United States v. Escobar,* 50 F.3d 1414, 1423 (8th Cir.1995). In determining whether a conspiracy existed, a court may consider the co-conspirator statement itself. *See Bourjaily v. United States,* 483 U.S. 171, 181, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

As explained by the Eighth Circuit in *United States v. Bell,* the trial court may conditionally admit the hearsay statements of alleged co-conspirators, subject to a final ruling on the record that the statements are admissible pursuant to the coconspirator exception to the hearsay rule. The procedures outlined in *Bell* are flexible and do not require reversal for failure to follow those procedures absent a showing of prejudice. *United States v. McCracken,* 110 F.3d 535, 542 (8th Cir. 1997).

 Thus, it is clear that out-of-court declarations by a conspirator, made during the course of and in furtherance of the conspiracy, are admissible against other members of the conspiracy as well as the declarants. *See United States v. Nixon,* 418 U.S. 683, 701, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States v. Overshon,* 494 F.2d 894, 898 (8th Cir.1974). The preliminary determination of the admissibility of an alleged co-conspirator statement is to be determined by the trial judge rather than the jury. Fed.R.Evid. 104(a). *See Bell,* 573 F.2d at 1043. The admissibility of such statements depends on the trial court's determination of whether there is sufficient independent evidence to establish the existence of a conspiracy. The standard of proof to be applied by the trial judge in making this determination is one of "preponderance of the evidence." The statement is admissible if the trial court is satisfied that independent evidence exists showing it is more likely than not that a conspiracy existed. *United States v. Macklin,* 573 F.2d 1046, 1048 (8th Cir.1978). At the conclusion of the evidence it is incumbent upon the trial judge to make an explicit determination for the record regarding the admissibility of the statements. *United States v. Fitts,* 635 F.2d 664, 666 (8th Cir.1980).

It is well-established in the Eighth Circuit that the district court should be careful to ensure that *Bell* rulings are made. Prosecutors who offer co-conspirator statements under the non-hearsay exception have a duty to protect the record by making sure they request final *Bell* rulings at the close of all the evidence. A final *Bell* ruling determines whether or not the Government has shown by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the declarants and the defendant were members of the conspiracy; and (3) that the declarants' statements were made during and in furtherance of the conspira-

cy, thereby satisfying Rule 801(d)(2)(E) of the Federal Rules of Evidence. *United States v. Jorgensen,* 144 F.3d 550, 561–62 (8th Cir.1998).

In the present case, the preponderance of the evidence presented to the Court has established that 1) a conspiracy existed; 2) that the defendants and the declarants were members of the conspiracy; and 3) that the declarations were made during the course and in furtherance of the conspiracy. The preponderance of the evidence has shown that the defendants, Jason Sveund, Levi Carolin, David Harter, William Zeller, Robert Jangula, Sean Larson, Bryan Westrick, and Neil Connelly were engaged in a conspiracy to distribute marijuana; that the defendants were members of the conspiracy; and the declarations sought to be introduced into evidence at trial under Rule 801(d)(2)(E) were made during the course of and in furtherance of the conspiracy.

To support a conviction for a conspiracy to distribute marijuana, the Government must demonstrate (1) a conspiracy, including an agreement to distribute controlled substances; (2) defendant knew of the conspiracy; and (3) intentionally joined the conspiracy. *United States v. Romero,* 150 F.3d 821, 824 (8th Cir.1998). The evidence must demonstrate that the defendant(s) entered into an agreement with at least one additional individual which had as its object a violation of law. *United States v. Robinson,* 217 F.3d 560, 564 (8th Cir.2000). Upon the conspiracy being established, any evidence connecting the defendant with the conspiracy is sufficient to prove the defendant's involvement. *United States v. Shoffner,* 71 F.3d 1429, 1434 (8th Cir.1995).

The preponderance of the evidence demonstrates there was a network of individuals in Bozeman, Montana; Bismarck, North Dakota; and California who were known to one another and who were involved in purchasing marijuana, distributing or selling marijuana, recruiting individuals to distribute drugs (marijuana), and others who had intentionally joined the conspiracy. Members of the conspiracy included, but were not limited to, Jason Sveund, Levi Carolin, David Harter, William Zeller, Robert Jangula, Sean Larson, Bryan Westrick, and Neil Connelly.[1] While all of the participants may not have known each other, such is not necessary in order to prove a conspiracy. *Romero,* 150 F.3d at 825. There is sufficient evidence in the record to conclude that all of the defendants were voluntary and knowing participants in an agreement to buy and sell marijuana. An agreement to join a conspiracy "need not be explicit, but rather may be inferred from the facts and circumstances of the case." *United States v. Evans,* 970 F.2d 663, 669 (10th Cir. 1992).

The Court has made the appropriate *Bell* findings regarding the admission of any coconspirator statements. All such statements shall be admissible pursuant to the co-conspirator exception to the hearsay rule. *See* Rule 801(d)(2)(E). There were a number of witnesses who testified as to out-of-court statements relating to the sale and distribution of marijuana and various drug transactions. There were statements made directly attributed to the defendants Jason Sveund, Levi Carolin, David Harter, William Zeller, Robert Jangula, Sean Larson, Bryan Westrick, and Neil Connelly. There is more than a preponderance of

---

1. Other persons whom the preponderance of the evidence has shown were involved in the network of drug users and/or traffickers include "Jay Cool," Brock Rosinski, Jay Bushee, Sean Larson, Neil Meier, Shane Colis, William Lince, Cory Mowder, Kevin Heit, Todd Erling, Crystal Neumann, Kevin Fried, Travis Longmire, "Hippie Tom," Joe Duvall, and "Mike."

evidence to establish a conspiracy to distribute marijuana; that the named defendants were involved in the conspiracy; and that all statements were made during the course of and in furtherance of the conspiracy. The Court concludes that any evidence involving co-conspirator statements, whether objected to or not, was properly admitted under Rule 801(d)(2)(E).

**IT IS SO ORDERED.**